**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: June 25, 2021
Date Decided: June 28, 2021

Joseph C. Schoell, Esquire
Faegre Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801

Corinne Elise Amato, Esquire
Eric J. Juray, Esquire
Jason W. Rigby, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19801

James M. Yoch, Jr., Esquire
Kevin P. Rickert, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

Michael W. McDermott, Esquire
Peter C. McGivney, Esquire
Berger Harris LLP
1105 North Market Street, 11th Floor
Wilmington, DE 19801

Re:   *Agspring Holdco, LLC, et al. v. NGP X US Holdings, L.P., et al.*
    C.A. No. 2019-0567-JRS
    *Agspring, LLC v. NGP X US Holdings, L.P.*
    C.A. No. 2019-1021-JRS

Dear Counsel:

I have reviewed the briefing on Defendant NGP X US Holdings, L.P.'s Motion to Stay in C.A. No. 2019-0567-JRS (the "Motion"). For reasons explained below, the Motion is granted.

*Agspring Holdco, LLC, et al. v. NGP X US Holdings, L.P., et al.*
   C.A. No. 2019-0567-JRS
*Agspring, LLC v. NGP X US Holdings, L.P.*
   C.A. No. 2019-1021-JRS
June 28, 2021
Page 2

On March 10, 2021, an arbitration panel ruled that "[t]he clear and unambiguous terms of the Services Agreement entitle NGP to advancement from Agspring" in connection with this action (among others).[1]  The Motion seeks a stay of discovery pending the resolution of both parties' Motions for Summary Judgment in C.A. No. 2019-1021-JRS (the "Advancement Action") to confirm or vacate the arbitrators' ruling.

"The decision to grant or to deny a stay is one that lies within the discretion of the trial court" as informed by notions of "comity, efficiency, or common sense."[2] Granting a stay is appropriate where it "would not prejudice the non-moving party and where it would spare the moving party 'unnecessary expense or burden.'"[3]

If Defendants prevail on their Motion for Summary Judgment in the Advancement Action, and Plaintiffs are still unable or unwilling to advance fees, as

---

[1] Def. NGP X US Hldgs., L.P.'s Mot. to Stay (D.I. 181), Ex. 6, at 4.

[2] *LightLab Imaging, Inc. v. Axsun Techs., Inc.*, 2012 WL 1764225, at *1 (Del. Ch. May 10, 2012) (citation omitted).

[3] *Id.* (citation omitted).

*Agspring Holdco, LLC, et al. v. NGP X US Holdings, L.P., et al.*
  C.A. No. 2019-0567-JRS
*Agspring, LLC v. NGP X US Holdings, L.P.*
  C.A. No. 2019-1021-JRS
June 28, 2021
Page 3

Agspring's Chief Financial Officer has indicated might be the case,[4] then there are legitimate questions as to whether this action should be stayed until such time as Plaintiffs' advancement obligations are fulfilled.[5] This is not a determination I need to make at this juncture, however; I need only conclude, as I have, that the incurrence of further expenses in this action is unwarranted until the advancement issue is resolved. This case is not expedited and there is no discernable prejudice to Plaintiffs that will result from a brief stay for the relatively short time it will take the Court to hear and decide the parties' cross Motions for Summary Judgment in the Advancement Action.[6]

---

[4] Pl. Agspring Holdco, LLC's Mot. for Prelim. Inj. (D.I. 164), Aff. of Bruce Chapin ("Agspring and its subsidiaries do not have sufficient liquidity to pay NGP's demand for advancement and to continue to operate.").

[5] *Perryman v. Stimwave Techs. Inc.*, 2020 WL 2465720, at *4 (Del. Ch. May 13, 2020) ("[A] delay in recognizing advancement rights may ultimately render those rights illusory.").

[6] *Walker Digital, LLC v. Canon U.S.A., Inc.*, 2013 WL 12221415, at *1 n.1 (D. Del. Jan. 28, 2013) ("Where money damages will suffice to address a plaintiff's injury, the delay occasioned by a stay is less likely to result in undue prejudice.").

*Agspring Holdco, LLC, et al. v. NGP X US Holdings, L.P., et al.*
  C.A. No. 2019-0567-JRS
*Agspring, LLC v. NGP X US Holdings, L.P.*
  C.A. No. 2019-1021-JRS
June 28, 2021
Page 4

Based on the foregoing, I am satisfied the Court should exercise its discretion under Court of Chancery Rule 26(c) to enter a protective order staying discovery until the Court resolves the pending Motions for Summary Judgment, or until further order of the Court.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*